# EXHIBIT A

[Print in black ink all areas in bold letters. This summons must be served with a complaint.]

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------------X

Bobby L. Hughley Jr
[your name(s)]                    Plaintiff(s),

- against -

Experian Information Solutions, Inc.
Equifax Information Services, LLC
Transunion, LLC, Nelnet, Inc, Kickoff lending, LLC
[name(s) of party being sued]      Defendant(s)
-----------------------------------------------------------------X

**SUMMONS**

Index Number
101034/2024

Date Index Number Purchased
August 26, 2024

To the Person(s) Named as Defendant(s) above:

PLEASE TAKE NOTICE THAT YOU ARE SUMMONED to answer the complaint of the plaintiff(s) herein and to serve a copy of your answer on the plaintiff(s) at the address indicated below within 20 days after service of this Summons (not counting the day of service itself), or within 30 days after service is complete if the Summons is not delivered personally to you within the State of New York.

YOU ARE HEREBY NOTIFIED THAT should you fail to answer, a judgment will be entered against you by default for the relief demanded in the complaint.

Dated August 26, 2024
[date of summons]

Bobby L. Hughley Jr.
[sign your name]

Bobby L. Hughley Jr
[print your name]

148 W 130 St
NY, NY 10027  (646) 644-7876
[your address and telephone number]

NEW YORK
COUNTY CLERK'S OFFICE

AUG 26 2024

NOT COMPARED
WITH COPY FILE

Experian Information Solutions, Inc
29 E Broadway NY, NY 10002
Equifax Information Services, LLC
~~Peachtree Avenue~~ 708 3rd Ave NY,NY 10017
Transunion, LLC
100 Park Ave, 27th FL NY, NY 10017
[name and address of defendant(s)]
Nelnet, Inc   121 S 13 St Suite 201
              Lincoln, Nebraska, 68508
Kickoff Lending, LLC  95 Broadway St e
                      2260, San Francisco, CA 94111

[name and address of defendant(s)]

Venue:  Plaintiff(s) designate(s) New York County as the place of trial. The basis of this designation is:
☑ Plaintiff's(s') residence in New York County
☐ Defendant's(s') residence in New York County
☐ Other [See CPLR Article 5]: _____

CommenceAction – Rev. March 2021

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

---

BOBBY L. HUGHLEY JR,

        PLAINTIFF

-against-

EXPERIAN INFORMATION SOLUTIONS, INC.,

EQUIFAX INFORMATION SERVICES LLC,

TRANSUNION, LLC,

NELNET, INC

KICKOFF LENDING, LLC

        DEFENDANT

**COMPLAINT**

**JURY TRIAL DEMAND**

---

TO THE SUPREME COURT OF THE STATE OF NEW YORK

Plaintiff BOBBY L. HUGHLEY JR. for his Complaint against Defendants EXPERIAN INFORMATION SOLUTIONS, INC., EQUIFAX INFORMATION SERVICES LLC, TRANSUNION, LLC, NELNET, KICKOFF LENDING, LLC alleges:

**PRELIMINARY STATEMENT**

1. This is a civil action for actual, statutory and punitive damages, costs pursuant to 15 U.S.C. § 1681, et seq. (Fair Credit Reporting Act or "FCRA") and injunctive relief, compensatory damages, and punitive or exemplary damages for the tort of right of publicity (privacy) pursuant to New York Civil Rights Law § 51 and New York General Business Law § 380-F.

**PARTIES**

### Plaintiff BOBBY L. HUGHLEY JR. ("Plaintiff")

2. Plaintiff BOBBY L. HUGHLEY JR ("Plaintiff") is an individual or natural person.

3. Plaintiff is a "consumer" as defined under 15 U.S.C. § 1681a(c).

4. Plaintiff maintains minimum contact in the State of New York.

### Defendant EXPERIAN INFORMATION SOLUTIONS, INC. ("Experian")

5. Defendant EXPERIAN INFORMATION SOLUTIONS, INC. ("Experian") is an active foreign business corporation in the State of New York.

6. Experian is a "person" as defined 15 U.S.C. § 1681a(b).

7. Experian regularly engages in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d), to third parties.

8. Experian disburses consumer reports to third parties under contract for profit.

9. Experian is a "consumer reporting agency" as defined under 15 U.S.C. § 1681a(f).

10. Experian may be served process via its registered agent in New York.

### Defendant EQUIFAX INFORMATION SERVICES LLC ("Equifax")

11. Defendant EQUIFAX INFORMATION SERVICES LLC ("Equifax") is an active foreign business corporation in the State of New York.

12. Equifax is a "person" as defined 15 U.S.C. § 1681a(b).

13. Equifax regularly engages in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d), to third parties.

14. Equifax disburses consumer reports to third parties under contract for profit.

15. Equifax is a "consumer reporting agency" as defined under 15 U.S.C. § 1681a(f).

16. Equifax may be served process via its registered agent in New York.

### Defendant TRANSUNION, LLC ("Transunion")

17. Defendant TRANSUNION, LLC ("Transunion") is an active foreign business corporation in the State of New York.

18. Transunion is a "person" as defined 15 U.S.C. § 1681a(b).

19. Transunion regularly engages in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d), to third parties.

20. Transunion disburses consumer reports to third parties under contract for profit.

21. Transunion is a "consumer reporting agency" as defined under 15 U.S.C. § 1681a(f).

22. Transunion may be served process via its registered agent in New York.

### Defendant NELNET, INC ("NELNET")

23. Defendant Nelnet, Inc ("Nelnet") is an active foreign business corporation in the State of New York.

24. Nelnet is a "person" as defined 15 U.S.C. § 1681a(b).

25. Nelnet is a "furnisher" of credit information as that term is described in 15 U.S.C. §1681s-2 et seq.

26. Nelnet may be served process via its registered agent in New York.

### Defendant KICKOFF LENDING, LLC ("KICKOFF")

27. Defendant Kickoff Lending, LLC ("Kickoff") is an active foreign business corporation in the State of New York.

28. Kickoff is a "person" as defined 15 U.S.C. § 1681a(b).

29. Kickoff is a "furnisher" of credit information as that term is described in 15 U.S.C. §1681s-2 et seq.

30. Kickoff may be served process via its registered agent in New York.

## JURISDICTION

31. This civil action arises under the laws of the United States.

32. This Court has original jurisdiction of this civil action because the amount of relief sought is over $25,000.00.

33. This civil action is to enforce liability created under 15 U.S.C. § 1681, et seq.

34. This Court has jurisdiction of this civil action under 15 U.S.C. § 1681p.

35. This civil action involves state law claims so related to the claims herein that they form part of the same case or controversy.

## VENUE

36. Experian, Equifax, Transunion, Nelnet, and Kickoff are authorized to conduct business in the State of New York.

37. Experian, Equifax, Transunion, Nelnet, and Kickoff are residents of the State of New York.

38. Experian, Equifax, Transunion, Nelnet, and Kickoff are subject to this Court's personal jurisdiction with respect to this civil action.

## COUNT I – VIOLATION OF 15 U.S.C. 1681e(b)

### Against Experian, Equifax, and Transunion

39. Plaintiff realleges and incorporates paragraphs 1 through 38 above as if fully set out herein.

40. On or about August 26, 2022, Plaintiff sent a reinvestigation dispute letter to Experian, Equifax, and Transunion to point out that disputed the accuracy and completeness of several accounts in the consumer report under Plaintiff's name that was assembled, evaluated, and disbursed to third parties for profit by Experian, Equifax, and Transunion, were still wrong. The accounts were patently incorrect because of the inaccuracy in the payment history field, missing complete data, and the statute of limitations for credit reporting. Experian, Equifax, and Transunion improperly reinvestigated or did not conduct a reinvestigation because the inaccurate and incomplete information, from an unreliable source, remained on the defendant's consumer report despite the dispute.

41. On or about February 21, 2023, Plaintiff sent an FTC Identity Theft Affidavit to Experian and Equifax that disputed the ownership of the said account and accuracy in the consumer report under Plaintiff's name, via Identity Theft, that was assembled, evaluated, and disbursed to third parties for profit by Experian and Equifax. Experian and Equifax failed to have procedures in place to delete the accounts identified as Identity Theft. The Identity theft accounts remained on the consumer report despite Experian and

Equifax receiving an FTC Identity Theft Affidavit. The procedures of Experian and Equifax are not in alignment with the Fair Credit Reporting Act's statutory procedure because the accounts were not deleted nor were the accounts deleted and re-inserted on the consumer report. Plaintiff is not in receipt of a reinsertion letter of any identity theft accounts placed back onto the consumer report. Experian and Equifax failed to notify the furnisher of the request for blocking of the information, the dates of the blocking of the information, the information may be the result of identity theft, and the receipt of an identity theft affidavit. Alternatively, Experian and Equifax did notify the furnisher and failed to block the information.

42. Upon Plaintiff's reinvestigation dispute and Identity Theft dispute to Experian, Equifax, and Transunion for verification and deletion, and in accordance with its standard procedures, Experian, Equifax, and Transunion did not evaluate or consider any of Plaintiff's information or claims and did not make any attempt to substantially or reasonably verify the disputed information contained the consumer report sold by Experian, Equifax, and Transunion under Plaintiff's name.

43. Experian, Equifax, and Transunion violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the consumer reports they maintained and published concerning Plaintiff.

44. Experian and Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the deleting of the accounts determined to be identity theft by plaintiff.

45. As a result of this conduct, action, and/or inaction of Experian, Equifax, and Transunion, Plaintiff suffered damage by loss of credit, denial of credit, high interest rate on property, loss of ability to purchase and benefit from credit, and/or the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

46. Experian, Equifax, and Transunion's conduct, action, and/or inaction was willful, rendering it liable to Plaintiff for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

47. Alternatively, Experian, Equifax, and Transunion's conduct, action, and/or inaction was negligent, entitling Plaintiff to recover from Experian and Equifax under 15 U.S.C. § 1681o.

48. Plaintiff is entitled to recover from Experian, Equifax, and Transunion the costs of this action as determined by this Court pursuant to 15 U.S.C. § 1681n and/or 1681o.

**COUNT II – VIOLATION OF 15 U.S.C. § 1681i**

**Against Experian, Equifax, and Transunion**

49. Plaintiff realleges and incorporates paragraphs 1 through 48 above as if fully set out herein.

50. Experian, Equifax, and Transunion violated 15 U.S.C. § 1681i on multiple occasions by failing to properly respond to Plaintiff's dispute, by failing to update or delete inaccurate information in Plaintiff's consumer report after receiving actual notice of such inaccuracies, by failing to conduct a lawful reinvestigation, by failing to forward all relevant information to the furnishers of the accounts in dispute, by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's consumer report, and, upon information and belief, by relying upon verification from a source it/they have reason to know is unreliable.

51. As a result of this conduct, action, and/or inaction of Experian, Equifax, and Transunion, Plaintiff suffered damage by loss of credit, denial of credit, high interest rate on property, loss of ability to purchase and benefit from credit, and/or the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

52. Experian, Equifax, and Transunion's conduct, action, and/or inaction was willful, rendering it/them liable to Plaintiff for actual or statutory damages, and punitive damages in an amount to be determined by this Court pursuant to 15 U.S.C. § 1681n.

53. Alternatively, Experian, Equifax, and Transunion's conduct, action, and/or inaction was negligent, entitling Plaintiff to recover from Experian and Equifax under 15 U.S.C. § 1681o.

54. Plaintiff is entitled to recover from Experian, Equifax, and Transunion the costs of this action as determined by this Court pursuant to 15 U.S.C. § 1681n and/or 1681o.

## COUNT III – VIOLATION OF 15 U.S.C. § 1681c-2
### Against Experian and Equifax

55. Plaintiff realleges and incorporates paragraphs 1 through 54 above as if fully set out herein.

56. Experian and Equifax violated 15 U.S.C. § 1681c-2 by failing to properly respond to Plaintiff's Identity Theft dispute, by failing to delete identity theft information in Plaintiff's consumer report after receiving actual notice of such identity theft, by failing to forward all relevant information to the furnisher of the account in dispute, by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's consumer report, and, upon information and belief, by relying upon verification from a source it/they have reason to know is unreliable. Experian and Equifax failed to notify plaintiff of re-insertion of any account removed for Identity Theft and failed to notify plaintiff if a block of information is declined or rescinded.

57. As a result of this conduct, action, and/or inaction of Experian and Equifax Plaintiff suffered damage by loss of credit, denial of credit, high interest rate on property, loss of ability to purchase and benefit from credit, and/or the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

58. Experian and Equifax conduct, action, and/or inaction was willful, rendering it/them liable to Plaintiff for actual or statutory damages, and punitive damages in an amount to be determined by this Court pursuant to 15 U.S.C. § 1681n.

59. Alternatively, Experian and Equifax conduct, action, and/or inaction was negligent, entitling Plaintiff to recover from Experian and Equifax under 15 U.S.C. § 1681o.

60. Plaintiff is entitled to recover from Experian and Equifax the costs of this action as determined by this Court pursuant to 15 U.S.C. § 1681n and/or 1681o.

### COUNT IV – VIOLATION OF 15 U.S.C. § 1681s-2(b)
### Against Nelnet and Kickoff

61. Plaintiff realleges and incorporates paragraphs 1 through 60 above as if fully set out herein.

62. Nelnet received the dispute letter from Experian, Equifax, Transunion, and failed to correct the false information regarding the account reporting on Plaintiff's consumer

report. Nelnet violated 15 U.S.C. §1681s-2(b) by failing to fully and properly investigate Plaintiff's disputes of Defendant Nelnet's representations; by failing to review all relevant information regarding Plaintiff's disputes; by failing to accurately respond to credit reporting agencies; by verifying false information; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of Defendant Nelnet's representations to consumer credit reporting agencies, among other unlawful conduct.

63. Kickoff received the Identity Theft Affidavit from plaintiff and the Identity Theft Affidavit from Experian, Equifax, Transunion, and failed to delete the false information regarding the account reporting on Plaintiff's consumer report. Kickoff violated 15 U.S.C. §1681s-2(b) by failing to fully and properly investigate Plaintiff's disputes of Defendant Kickoff's representations; by failing to review all relevant information regarding Plaintiff's disputes; by failing to accurately respond to credit reporting agencies; by verifying false information; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of Defendant Kickoff's representations to consumer credit reporting agencies, among other unlawful conduct.

64. As a result of this conduct, action, and/or inaction of Nelnet and Kickoff Plaintiff suffered damage by loss of credit, denial of credit, high interest rate on property, loss of ability to purchase and benefit from credit, and/or the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

65. Nelnet and Kickoff conduct, action, and/or inaction was willful, rendering it/them liable to Plaintiff for actual or statutory damages, and punitive damages in an amount to be determined by this Court pursuant to 15 U.S.C. § 1681n.

66. Alternatively, Nelnet and Kickoff conduct, action, and/or inaction was negligent, entitling Plaintiff to recover from Experian and Equifax under 15 U.S.C. § 1681o.

67. Plaintiff is entitled to recover from Nelnet and Kickoff the costs of this action as determined by this Court pursuant to 15 U.S.C. § 1681n and/or 1681o.

## COUNT V – VIOLATION OF NEW YORK GENERAL BUSINESS LAW § 380-F
### Against Experian, Equifax, and Transunion

68. Plaintiff realleges and incorporates paragraphs 1 through 67 above as if fully set out herein.

69. Experian, Equifax, and Transunion violated N.Y. GBS § 380-F by failing to properly respond to Plaintiff's dispute, by failing to update or delete inaccurate information in Plaintiff's consumer report after receiving actual notice of such inaccuracies, by failing to conduct a lawful reinvestigation, by failing to forward all relevant information to the furnishers of the accounts in dispute, by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's consumer report, and, upon

information and belief, by relying upon verification from a source it/they have reason to know is unreliable.

70. As a result of this conduct, action, and/or inaction of Experian, Equifax, and TransUnion, Plaintiff suffered damage by loss of credit, denial of credit, high interest rate on property, loss of ability to purchase and benefit from credit, and/or the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

71. Experian, Equifax, and Transunion's conduct, action, and/or inaction was willful, rendering it/them liable to Plaintiff for actual or statutory damages, and punitive damages in an amount to be determined by this Court pursuant to 15 U.S.C. § 1681n.

72. Alternatively, Experian, Equifax, and Transunion's conduct, action, and/or inaction was negligent, entitling Plaintiff to recover from Experian and Equifax under 15 U.S.C. § 1681o.

73. Plaintiff is entitled to recover from Experian, Equifax, and Transunion the costs of this action as determined by this Court pursuant to 15 U.S.C. § 1681n and/or 1681o.

**COUNT VI– VIOLATION OF NEW YORK CIVIL RIGHTS LAW § 51**

74. Plaintiff realleges and incorporates paragraphs 1 through 73 above as if fully set out herein.

### Against Experian, Equifax, and Transunion

75. Experian, Equifax, and Transunion have used Plaintiff's name in the State of New York for trade purposes without the express written consent of Plaintiff.

76. Experian, Equifax, and Transunion have sold consumer reports under Plaintiff's name to third parties for profit.

77. Experian, Equifax, and Transunion conduct were willful.

78. As a result of the of Experian, Equifax, and Transunion, Plaintiff suffered damage by loss of income from the profits for the unauthorized sale of consumer reports under Plaintiff's name to third parties; loss of credit; loss of ability to purchase and benefit from credit; and/or the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

79. Plaintiff is entitled to recover compensatory damages and punitive or exemplary damages from Experian, Equifax, and Transunion pursuant to New York Civil Rights Law § 51.

80. Plaintiff is entitled to injunctive relief to prevent and retain the unauthorized use of Plaintiff's name by Experian, Equifax, and Transunion pursuant to New York Civil Rights Law § 51.

### DEMAND FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Experian, Equifax, Transunion, Neltnet, and Kickoff for:

a. Actual compensatory or statutory damages in an amount to be determined by the jury pursuant to 15 U.S.C. § 1681n(a)(1)(A);

b. Actual damages pursuant in an amount to be determined by the jury to 15 U.S.C. § 1681o(a)(1);

c. Punitive damages in an amount to be determined by the jury pursuant to 15 U.S.C. § 1681n(a)(2);

d. Costs of this action as determined by the jury pursuant to 15 U.S.C. § 1681n(a)(3) and/or 15 U.S.C. § 1681(a)(2);

e. Compensatory damages as determined by the jury pursuant to New York Civil Rights Law § 51;

f. Punitive or exemplary damages as determined by the jury pursuant to New York Civil Rights Law § 51;

g. Compensatory damages as determined by the jury pursuant to New York GBS § 380-F;

h. Punitive or exemplary damages as determined by the jury pursuant to New York GBS § 380-F;

i. Such other relief the Court and jury does deem just, equitable, and proper.

Respectfully submitted,

Dated: New York, New York
August 26, 2024

Bobby L. Hughley Jr.
148 W 130 St New York, NY 10027
Telephone: (646) 644-7876
Email: b.hughleyjr@gmail.com

State of New York
County of New York

Sworn to before me this
_____ day of __AUG 2 6 2024__ 20

ANNA DONG
Notary Public, State of New York
Reg. No. 04DO6228919
Qualified in New York County
Commission Expires Sept. 27, 20__

Bobby L. Hughley Jr
148 W 130 St
New York, NY 10027




Retail
RDC 99
12207

U.S. POSTAGE PAID
FCM LG ENV
NEW YORK, NY 10027
DEC 23, 2024
$7.16
S2324A501431-07



CERTIFIED MAIL
7017 0660 0000 2970 9644

Corporation Service Company
80 State St
Albany, NY 12207